UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL ANTHONY THOMAS, | Case No.  2:26-cv-0451-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL, *et al.*, | |
| Defendants. | |

Plaintiff, a detainee in the Sacramento County Jail, brings this action against the jail itself and three deputies: Lovely, Procter, and Lee.  After review of the complaint, I find that plaintiff has stated a cognizable Fourteenth Amendment claim for inadequate medical care against the deputies.[1]  His claims against the jail itself are non-cognizable.  Additionally, to the extent that plaintiff seeks to bring a claim on behalf of another detainee, as it appears he might be attempting to do, he is advised that a pro se litigant may not represent others in this district.  Plaintiff shall indicate whether he desires to proceed only with his viable Fourteenth Amendment claims, or

---

[1] As a pretrial detainee, plaintiff's inadequate medical care claims arise under the Fourteenth rather than the Eighth Amendment.  *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

1

delay serving any defendant and file an amended complaint.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff alleges that defendants Lovely, Procter, and Lee, all deputies at the Sacramento County Jail, violated his Fourteenth Amendment rights in October 2025 when they ignored his

2

complaints of debilitating stomach pain.  ECF No. 1 at 8-9.  These allegations are cognizable to proceed past screening.  The Sacramento County Jail itself, however, is not a viable defendant in a section 1983 action.  *See Campos v. W. Cnty. Det. Facility*, No. 25-cv-06190-RMI, 2025 U.S. Dist. LEXIS 210535, *4 (N.D. Cal. Oct. 24, 2025) ("Plaintiff cannot sue the jail itself under section 1983 as the jail is not a 'person' within the meaning of the law.").  And, to the extent that he seeks to bring a claim against Sacramento County, he has failed to identify a policy or custom that is the moving force behind his denial of medical care.  Finally, plaintiff describes the violations of other detainees' rights, ECF No. 1 at 13-15, but, to the extent he seeks to bring these as separate claims, he cannot represent others in court as a *pro se* litigant.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself").

Plaintiff may elect to proceed only with his Fourteenth Amendment claims against Lovely, Procter, and Lee, or he may delay serving any defendant and file an amended complaint. If he files an amended complaint, he is advised that it will fully supersede the current complaint, and should be titled "First Amended Complaint."

3

Accordingly, it is ORDERED that:

1.      Within thirty days, plaintiff may confirm his intent to proceed only with the Fourteenth Amendment claims against defendants Lovely, Procter, and Lee or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant.  If plaintiff confirms his intent to proceed with the cognizable claims, I will direct him to submit service documents.

2.      The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.      Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.


Dated:    March 12, 2026          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE