UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL ANTHONY THOMAS,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY MAIN JAIL, *et al.*,<br>Defendants. | Case No. 2:26-cv-0451-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On September 3, 2026, I ordered plaintiff to show cause, within fourteen days, why this action should not be dismissed for failure to prosecute, failure to comply with court orders, and for failure to state a claim. ECF No. 8. Plaintiff has failed to respond to that order, and the deadline for doing so has passed.[1] Accordingly, I now recommend that this action be dismissed.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

[1] The order was, in fact, returned as undeliverable because plaintiff failed to update his address as the local rules require.

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to respond to my order directing him to show cause why this action should not be dismissed. ECF No. 8. I warned him that failure to respond would result in a recommendation that this action be dismissed. *Id.* at 1. The public interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff has had adequate warning that dismissal could result from his noncompliance. I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to comply with court orders and failure to prosecute for the reasons set forth in the September 3, 2026 order. *See* ECF No. 8.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE